IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SPERLING & SLATER, P.C. | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 12 C 761 |
| HARTFORD CASUALTY INSURANCE | ) | |
| COMPANY | ) | Judge Virginia M. Kendall |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Sperling & Slater, P.C. (the "Firm") filed a complaint seeking a declaratory judgment that an insurance policy issued by Defendant Hartford Casualty Insurance to the Firm covered the loss of funds embezzled from Firm principal Bruce Sperling's personal Fidelity bank account. On September 5, 2012, the Court dismissed the Firm's complaint with prejudice because it found that Sterling's personal bank account was not covered by the unambiguous Hartford policy. Pursuant to Fed. R. Civ. P. 59(e) and 15(a), the Firm moves the Court to reconsider its prior decision. For the reasons set forth below, the Court denies the Firm's motion.

## BACKGROUND

The Firm employed a secretary named Crystal Sangiacomo to work for Bruce Sperling. Sangiacomo's responsibilities included administering Sperling's personal bank account with Fidelity Investments. This consisted of reviewing his bank statements, maintaining custody of his blank checks and preparing checks as authorized by Sperling. In December 2009, other Firm employees discovered that Sangiacomo had embezzled approximately $880,000 from Sperling's Fidelity account by writing checks on the account that were payable to herself. Sangiacomo was charged

with and ultimately pled guilty to federal bank fraud in violation of 18 U.S.C. § 1344. Sperling recovered approximately $360,000 of the missing funds. The Firm reimbursed Sperling the remaining unrecovered losses of approximately $525,000.

The Firm then submitted a claim to Hartford for the loss of the $525,000. The Firm's policy requires Hartford to "pay for direct physical loss of or physical damage to Covered Property at the...scheduled premises...caused by or resulting from a Covered Cause of Loss." (Doc. 13, Ex. A, Policy, p. A0014, Section A.)[1] The parties do not dispute that the scheduled premises are the Firm's office. The base policy does not cover losses caused by employee dishonesty. It also does not cover losses suffered by third parties. The policy also provides that Hartford "will not pay for direct loss of...property that has been transferred to a person or to a place outside the 'scheduled premises' on the basis of unauthorized instructions." (P. A0015, A.4.a.2.).

However, the Firm purchased a number of Additional Coverages, thereby expanding what is covered under the policy. The Firm contends that two of these Additional Coverages cover the loss of Sperling's personal funds. First, the Firm purchased a "Personal Property of Others" endorsement, which obligates Hartford to cover "direct physical loss of...personal property of others that is in your care, custody or control" under a blanket limit of $250,000. (P. A00105, A.1.d). Second, the Firm purchased an endorsement called Employee Dishonesty Coverage, which obligates Hartford to cover "any loss from employee dishonesty . . . in addition to any other Limit of Insurance" under a sub-limit of $55,000. (P. A0004, A0106). The Firm also purchased an endorsement entitled "Super Stretch for Law Offices," which creates a blanket coverage limit for these Additional Coverages. (P. A0105).

_____

[1] References to the Policy and its Additional Coverages will be cited to as "P. A0_ _ _."

Hartford denied the claim in February 2010. The Firm then filed an action seeking a declaratory judgment that the claim is covered by both the Super Stretch for Law Offices endorsement, (Count I), and the Employee Dishonesty endorsement, (Count II). The Court dismissed the action, with prejudice, on September 5, 2012 because it found that Sperling's personal losses were not covered by either of these provisions.

The Court found that while the Additional Coverage endorsements modified the terms of the base policy, they did not eliminate those terms. Accordingly, in construing the policy, the Court determined that the terms of the base policy and the Additional Coverage endorsements should be read together. As result, the Court found that Sperling's personal losses, and any corresponding reimbursement by the Firm, were not covered by the Personal Property of Others endorsement because: (1) Sperling's personal bank account was not in the care, custody or control of the Firm; (2) the loss of the funds did not occur at the Firm's premises; and (3) the Personal Property of Others endorsement does not cover acts of employee dishonesty. The Court found that Sperling's personal losses were not covered by the Employee Dishonesty endorsement because: (1) the Firm did not suffer a direct loss from Sangiacomo's acts; and (2) the loss of the funds did not occur at the Firm's premises. The Firm has now moved this Court, pursuant to Federal Rule of Civil Procedure 59(e), to reconsider its decision and alter or amend its judgment.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 59(e) a district court may entertain "[a] motion to alter or amend a judgment." Fed. R. Civ. P. 59(e).[2] Motions to alter or amend a judgment under

---

[2]A motion brought pursuant to Rule 59(e) must be brought no later than 28 days after the entry of judgment. The Court entered judgment in this case on September 5, 2012, and the Firm brought its Motion to Alter or Amend Judgment on October 3, 2012, exactly 28 days after the entry of the judgment. Accordingly, the Firm's motion is timely.

Rule 59(e) are routinely referred to as motions for reconsideration. Motions to reconsider should be granted only in rare circumstances. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)) (". . .the motion to reconsider should be equally rare."). A party moving for reconsideration bears a heavy burden. *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996).

A district court reviews its prior judgment under Rule 59(e) to determine whether "there exists a manifest error of law or fact so as to enable the court to correct its own errors and thus avoid unnecessary appellate procedures." *Divane v. Krull Elec. Co., Inc.*, 194 F.3d 845, 847 (7th Cir. 1999) (citing *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)); *see also Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). They are not an appropriate vehicle for relitigating arguments that the court previously rejected or for arguing issues that could have been raised during the consideration of the motion presently under reconsideration. *See id.* They are utilized for a very limited purpose: to correct manifest errors of law or fact, to present newly discovered evidence, or where there has been an intervening and substantial change in the controlling law since the submission of the issues to the court. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (*quoting Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The decision to grant a Rule 59(e) motion lies in the sound discretion of this Court, and its ruling is reviewed deferentially and will only be disturbed upon a showing that the Court abused that

discretion. *See Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Billups v. Methodist Hosp.*, 922 F.2d 1300, 1305 (7th Cir. 1991).[3]

## **DISCUSSION**

The Firm fails to meet Rule 59(e)'s high threshold. The Firm's motion does not identify a clear manifest error of law or present a significant change in the controlling law since the issues in the case were presented to the Court for consideration. Instead, the Firm's motion merely attacks the Court's reasoning in reaching its decision. (*See, e.g.,* Doc. 43, the Firm's Reply Brief at 7 ["the Court previously concluded [that] the loss occurred off the Firm's premises and so cannot be covered. But that is the very conclusion that the Firm is asking the Court to reconsider, because there is no premises requirement in the Employee Dishonesty coverage"].) This is improper under Rule 59 because Rule 59 motions should not be used to relitigate arguments that the Court previously rejected. *See Divane*, 194 F.3d at 847. The Firm's motion treats the Court's ruling like an opponent's brief, which is subject to refutation, rather than as judicial order, which must be followed. If the Firm believes the Court erred in reaching its decision, its proper recourse is to appeal to the Seventh Circuit, not to file another motion here that simply rehashes the same arguments that were previously considered and rejected by this Court. Because the Court already explained why the Firm's arguments are incorrect in its previous opinion, there is no need to restate that explanation here. Accordingly, the Firm's motion is denied.

---

[3]The Firm has also moved to amend its complaint pursuant to Fed. R. Civ. P. 15(a). Because this Court dismissed the Firm's action, the Firm may only amend its complaint with leave of court under Rule 15(a) if it filed a motion under Rule 59(e) *and* if the Court grants the motion and sets aside the judgment. *See Paganis v. Blonstein,* 3 F.3d 1067, 1072 (7th Cir. 1993). Since the Firm's Rule 59 motion is denied, the Firm's Rule 15 motion is also necessarily denied.

However, the Firm raises one new issue that needs to be addressed. The Firm contends that it can amend its complaint to sufficiently allege that it had both custody over Sperling's personal bank account and a duty to reimburse Sperling. Specifically, the Firm proposes to add the following allegations to its complaint:

> By undertaking to administer Sperling's bank account through its employee, Sangiacomo, the Firm assumed a duty to protect and safeguard Sperling's property.
>
> In consequence of its obligation to protect and safeguard Sperling's property, the Firm was required to, and did, reimburse Mr. Sperling for the approximate amount of the unrecovered losses, with the understanding that any additional recoveries will be credited to the Firm.

(Doc. 39 at ¶¶ 7-8.) The Firm contends that with this amendment the Court should find that the Firm has sufficiently alleged that Sperling's losses are covered by the Personal Property of Others provision and the Employee Dishonesty provision in the policy. The Firm is incorrect.

In order for the Firm to recover under the Personal Property of Others provision, it must establish that Sperling's personal bank account was in its care, custody or control. In its initial opinion, the Court held that to establish that property belonging to a third-party is in the care and custody of an insured, the insured must establish it had a duty to protect that property. (*See* Doc. 38, the Court's September 5, 2012 Memorandum Opinion and Order, at 9-10); *see also Bolanowski v. McKinney,* 581 N.E.2d 345 (Ill. App. Ct. 1991); *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois,* 140 F.3d 622, 629 (5th Cir. 1998); *First Defiance Fin. Corp. v. Progressive Cas. Ins. Co.,* 688 F.3d 265, 271 (6th Cir. 2012). The Court found that the Firm failed to establish it had any duty to protect Sperling's personal property because law firms do not ordinarily exercise fiduciary control over the personal accounts of their partners. The Firm's amended complaint does not allege any facts describing how it obtained such a duty. A conclusory allegation that it possessed a duty to

protect Sterling's personal bank account is plainly insufficient. Accordingly, the Firm failed to establish that Sterling's personal account is covered by the Personal Property of Others provision in the policy.

Additionally, the Firm's amendments do not establish that losses resulting from the embezzlement are covered by the Employee Dishonesty provision. For the Firm to recover under the Employee Dishonesty provision, the Firm must establish it suffered a direct loss as a result of the employee dishonesty. Courts have repeatedly held that employee dishonesty provisions do not cover losses suffered by a third-party that the insured subsequently reimburses because they are not direct losses. Rather, they are subsequent liabilities incurred by the insured. *See, e.g., Lynch Properties,* 140 F.3d at 629 ("Although employee dishonesty policies may cover loss of third-party property in the possession of the insured...these policies do not serve as liability insurance to protect against tortious acts committed against third-parties by their employees"); *Vons Companies, Inc. v. Fed. Ins. Co.,* 212 F.3d 489, 492 (9th Cir. 2000) (same); *Fireman's Fund Ins. Co. v. Special Olympics Int'l, Inc.,* 346 F.3d 259 (1st Cir. 2003) (same); *First Nat'l Bank of Louisville v. Lustig,* 975 F.2d 1165, 1167 (5th Cir. 1992) (employee dishonesty policy insures against direct loss sustained by the insured, not liability); *Monroe Guaranty Ins. Co. v. Radwan Brown & Co. PSC,* No. 09-247, 2011 WL 1102694, *3 (E.D. Ky. Mar. 23, 2011). Accordingly, the Firm's amendment is insufficient to establish that it suffered a direct loss. Rather, it shows the Firm incurred a subsequent liability. Thus, the Employee Dishonesty provision is inapplicable.

Moreover, even if these allegations were sufficient to show that: (1) the Firm had care and custody over Sperling's personal bank account; and (2) that the Firm suffered a suffered a direct loss because it had a duty to reimburse Sperling, the loss is still not covered under the Hartford policy

for the reasons described in the Court's September 5, 2012 opinion. Namely, as the Court previously held, the loss of the funds did not occur at the Firm's premises and the Personal Property of Others endorsement does not cover acts of employee dishonesty.

## **CONCLUSION**

For the reasons set forth above and for the reasons set forth in the Court's September 5, 2012 opinion, the Firm's motion for reconsideration is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: **12/27/2012**